UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TONYA FORD as personal representative of the estate of JAMES FORD,  )<br>)<br>)<br>)    Plaintiff,  )<br>)<br>v.  )<br>)<br>EASTERN STATE HOSPITAL, *et al.*,  )<br>)<br>)    Defendants.  )<br>) | Case No.<br>5:19-cv-239-JMH<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

\*\*\*

This matter is before the Court on Defendants Carrie Rudzik, Cathy Gibson, Julie Spivey, and Dr. Andrew Cooley's motion to dismiss Plaintiff Tonya Ford's claims against them.[1] [DE 3]. Plaintiff is the personal representative of her son, James Ford, who passed away in May 2018 after a week-long involuntary commitment at Eastern State Hospital in Lexington, Kentucky. She filed a complaint in Fayette Circuit Court alleging violations of her son's constitutional rights pursuant to 42 U.S.C. § 1983, common-law negligence, wrongful death, and a violation of Kentucky's long-term care statute. [DE 2-1]. Because all of Ford's

---

[1] Several Defendants named in the complaint had not been served at the time of filing and were not joined in Defendants' motion to dismiss. [DE 3-1 at 2, n. 1]. Because the Court decides the motion based on defects in the complaint that will impact current and any future Defendants in the case, the lack of service on some named Defendants does not impact the Court's analysis.

claims fall outside the applicable statute of limitations, and the long-term care statute is inapplicable to this case, her claims must be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

James Ford died of a pulmonary embolism on May 14, 2017 following a short-term involuntary commitment at Eastern State, a psychiatric hospital operated by UK HealthCare. [DE 2-1 at 35-38; DE 3-1 at 2]. Ford's mother, the plaintiff in this case, was appointed to be the personal representative of Ford's estate on May 7, 2018. [DE 2-1 at 35]. Ford, at twenty-eight years old, was admitted pursuant to court order on or around May 7, 2017. [*Id*. at 37]. He suffered from several psychiatric and seizure disorders, including schizophrenia. [DE 8 at 2].

Ford had a history of pulmonary embolism related to his psychiatric disorders. [DE 2-1 at 37]. On this occasion, Plaintiff claims Ford entered a catatonic state that left him unresponsive and unable to take fluids or food. [DE 8 at 3]. Plaintiff attempted to warn the hospital's employees of the seriousness of her son's condition and the need for certain treatment to avoid blood clotting. [DE 2-1 at 37; DE 8 at 3]. After attempting to visit him at Eastern State and speaking with several employees, Plaintiff says she received no assurances or information about her son's condition. [*Id*.].

2

On May 10, 2017, Plaintiff alleges that she received a phone call from an Eastern State registered nurse and named defendant in this case. [DE 8 at 4]. The nurse expressed extreme concern for Ford's health considering his state and medical history. [*Id*.]. Four days later, Ford was found unresponsive and was taken to the University of Kentucky Medical Center, where he was pronounced dead. [DE 2-1 at 38]. Ford's autopsy lists pulmonary embolism in his lungs as the cause of his death. [DE 2-1 at 38; DE 8-1]. Plaintiff alleges that Ford did not eat during his stay at Eastern State and received no medical attention despite his high risk of blood clotting. [DE 2-1 at 38].

Plaintiff filed her complaint on May 10, 2019. [DE 2-1 at 2]. Her counsel[2] maintain that they tried to file the complaint on Tuesday, May 7, 2019, but due to an error with the court's e-filing system, it was not filed until Friday, May 10, 2019. [DE 8 at 13]. Counsel realized on May 10 that the complaint was not filed within Kentucky's Courtnet system. [*Id*. at 16]. Plaintiff attached

---

[2] Eric T. Weiner, lead attorney for the Plaintiff, was sole counsel when the complaint was filed and the document bears his signature. [DE 2-1 at 43]. The Clerk for the United States District Court for the Eastern District of Kentucky sent Weiner a notice on September 26, 2019, indicating that he is not admitted to practice before this Court. [DE 10]. The Clerk gave Weiner thirty days to either apply for admission to the Bar of the Court or to apply for admission *pro hac vice* pursuant to LR 83.2. [*Id*.]. The deadline came and went without any filing from Weiner or his co-counsel. Regardless, the complaint will be dismissed in its entirety, so the Court need not address Weiner's failure to abide by the local rules.

3

to her reply an affidavit from an information technology specialist stating that the browser history showed an acceptance of counsel's credit card payment. [DE 8-6 at 1].

Plaintiff alleges that the Defendants collectively violated Ford's "right to Due Process and his right to be free from cruel and unreasonable punishment" under the Eighth and Fourteenth amendments, pursuant to the private right of action afforded by 42 U.S.C. § 1983. [*Id.*]. Plaintiff also charges Defendants with negligence, medical malpractice, and wrongful death under Kentucky law for the same actions. [*Id.* at 40-41]. Finally, Plaintiff alleges that Defendants violated a Kentucky statutory provision that aims to protect residents in long-term care facilities. [*Id.* at 41].

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it

contains facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Generally, a motion to dismiss for failure to state a claim, which considers the factual allegations in the complaint, is an "inappropriate vehicle" for dismissing a case based on a statute of limitations. *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013)(citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). However, if the allegations in the complaint affirmatively show the claim is time-barred, dismissal is warranted. *Id*.

### III. DISCUSSION

Congress did not provide a statute of limitations for claims brought under 42 U.S.C. § 1983. The United States Supreme Court has held that federal courts should "borrow and apply to all § 1983 claims the one most analogous state statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240 (1989). The Supreme Court has further held that these claims are best characterized as personal injury actions. *Id*. In applying this rationale to Kentucky common law, the United States Court of Appeals for the Sixth Circuit explained that Kentucky does not have multiple statutes of limitations for personal injury actions, thus, § 1983 actions in

5

Kentucky are limited by the Commonwealth's one-year statute of limitations in KRS § 413.140(1)(a). *Bonner v. Perry,* 564 F.3d 424, 430 (6th Cir. 2009)(citing *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182-83 (6th Cir. 1990)).

In addition to § 1983 claims, actions for medical malpractice, negligence, and wrongful death are subject to Kentucky's one-year statute of limitations. KRS § 413.140(e); *Carden v. Louisville & Nashville R.R. Co.*, 101 Ky. 113 (1897)(holding that the statute of limitations for wrongful death in Kentucky is one year); *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 653-54 (Ky. 1992)(re-affirming *Carden* and holding that "death is simply the final injury to a person.").

In wrongful death actions, the one-year statute of limitations begins to run on the day a personal representative is appointed to administer the deceased individual's estate. KRS § 413.180(1). If the person entitled to bring an action dies before the expiration of the statute of limitations, claims may be brought by a personal representative within one year of appointment. *Id.*; *see also Everley*, 872 S.W.2d at 97.

In this case, Ford died on May 14, 2017. His mother was appointed his personal representative on May 7, 2018. Because she was appointed before the year ended, she had until May 7, 2019 to bring the cause of action.

6

To avoid dismissal because of a missed statutory deadline, Plaintiff's counsel states that they attempted to file the complaint on May 7, 2019, but vaguely blames a technical problem with the Courtnet system for causing the filing failure. But Plaintiff provides no support for this contention, only filing an affidavit claiming that at some point there was confirmation of payment for filing. Plaintiff did not attach any confirmation of payment, a Notice of Electronic Filing, or include any further information.

Even if Plaintiff could show counsel did pay for the filing and that it was submitted as claimed in the response briefing, the Supreme Court of Kentucky's eFiling Rules are clear that a "document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing from the court, regardless of when the eFiler actually transmitted the document or when the clerk actually processed the envelope." Ky. St. Admin. E-Filing AP, § 8(3)(a). The Notice of Electronic Filing is sent to the email address of any party registered in the case. *Id*. at (2)(a). Filing must be completed before midnight of any deadline in the time zone of the receiving court to be timely filed. *Id*. at (3)(b). Further, technical system failures do not excuse a failure to meet a jurisdictional deadline. *Id*. at § 18(2)(c). The rules are clear that if the online system fails for some reason, the attorney should file the document conventionally with a

7

certification that he or she has attempted to file it electronically. *Id*. at (2)(a)-(b).

Here, Plaintiff's counsel attempted to file the document at 4:25 p.m. on the day the statute of limitations expired. Counsel was responsible for ensuring that the document was timely filed in Kentucky's eFiling system and, if there was a technical difficulty, court rules clearly indicated how to handle the situation. Counsel did not notice or attempt to re-file until three workdays later.[3]

In conclusion, the statute of limitations expired on May 7, 2019 and the complaint was filed on May 10, 2019. The complaint itself and the parties' briefings affirmatively demonstrate that the allegations brought by Plaintiff are time-barred.

Plaintiff's remaining claim is for various violations of KRS § 216.515.[4] This section of Chapter 216 provides residents of long-term care facilities with certain rights and protections from

---

[3] Plaintiff also contends that counsel "substantially complied" with the filing requirements on May 7, 2019 and should be allowed to proceed despite missing the deadline. [DE 8 at 14-15]. As Plaintiff points out, the Kentucky Supreme Court's "substantial compliance" doctrine is specifically meant to protect the constitutional right to an appeal, which may, though it rarely does, outweigh timely filing. *See Workers' Compensation Bd. v. Siler*, 840 S.W.2d 812, 813 (Ky. 1992). But this case is, as Plaintiff states, "not yet on appeal," and thus, the doctrine is inapplicable to the case before this Court.

[4] Plaintiff's complaint does not mention any specific section of the statute she believes the Defendants violated. [DE 2-1 at 41]. In her response to the Defendants' motion to dismiss, Plaintiff alleges violations of subsections 11, 16, 18, 19, and 22 [DE 8 at 9].

medical and other potential harms. To the extent that Plaintiff pleads claims pursuant to KRS 216.515(6), they are time-barred by the one-year statute of limitations period applicable to that section. *See Overstreet v. Kindred Nursing Ctrs. LP*, 479 S.W.3d 69, 71 (Ky. 2015). The remaining sections of the statute, which mostly assert liabilities not based in common-law personal-injury actions, must be brought by the "resident or his guardian" under KRS 216.515(26) and do not survive the resident's death. *Overstreet*, 479 S.W.3d at 71. As the Supreme Court of Kentucky elucidated in *Overstreet*, there is nothing to be gained in a posthumous action to vindicate a resident's rights to communicate freely or choose their own doctor. *Id*. at 78. Because these "rights" do not survive death, Plaintiff cannot lay claim to the protections afforded under the Kentucky statute.

## IV. CONCLUSION

Plaintiff's claims for violations of her son's constitutional rights pursuant to 42 U.S.C. § 1983, as well as her claims for wrongful death, medical malpractice, and negligence, are subject to Kentucky's one-year personal injury statute of limitations, which began to run when she was appointed to be her son's personal representative. Because her complaint was not filed by May 7, 2019, those claims are affirmatively time-barred.

Plaintiff's allegations pursuant to KRS § 216, to the extent that they are grounded in Kentucky's common law of personal injury,

9

are time-barred by the same statute of limitations. Finally, Plaintiff's allegations regarding violations of the enumerated resident rights in that same act cannot be brought by the personal representative of a deceased patient. Thus, all of Plaintiff's claims in this matter must be dismissed.

For the reasons stated above, **IT IS ORDERED** as follows:

1) That Defendants' motion to dismiss [DE 3] is **GRANTED;**

2) That Plaintiff Tonya Ford's claims against Eastern State Hospital and other named defendants are hereby **DISMISSED WITH PREJUDICE;** and

3) Because there are no remaining claims against any defendant in this action, a final judgment **SHALL** be entered contemporaneously with the entry of this Memorandum Opinion and Order.

This the 4th day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge